IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTOPHER KEALOHA,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN ESPINDA, et al.,<br><br>Defendants. | CIVIL NO. 20-00323 JAO-RT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Kristopher Kealoha's ("Plaintiff") Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF No. 3. A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Although Plaintiff has accrued three strikes pursuant to § 1915(g),[1] he plausibly alleges that he is in imminent danger of serious physical injury, thereby exempting him from § 1915(g)'s restrictions. Because Plaintiff qualifies as a pauper, the Court GRANTS his IFP Application. As a prisoner, Plaintiff is obligated to pay the full filing fee regardless of the outcome of this action. *See* 28 U.S.C. §§ 1915(b)(1) & (e)(2). Plaintiff shall make monthly payments equaling 20% of the preceding month's income credited to his account, when his account exceeds $10.00. *See* 28 U.S.C. § 1915(b)(1)–(2).

The Court HEREBY ORDERS that:

(1) The Hawaiʻi Department of Public Safety ("DPS") or its designee the Warden of the Halawa Correctional Facility ("HCF"), shall calculate, collect, and remit to the Clerk of Court monthly payments equaling 20% of Plaintiff's preceding month's income when the account exceeds $10.00, until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). These payments must be identified by the name and number assigned to this action.

---

[1] *See, e.g.*, *Kealoha v. Arizona*, App. No. 11-15559 (9th Cir. 2011) (dismissing appeal as frivolous); *Kealoha v. Cabrera*, Civil No. 17-00570 HG-KSC (D. Haw. 2017) (dismissing action for failure to amend his pleading to state a cognizable claim); *Kealoha v. Frank*, Civil No. 11-00431 DAE-BMK (D. Haw. 2011) (dismissing for failure to state a claim followed by Plaintiff's voluntary dismissal without curing the identified deficiencies).

(2)  The Clerk SHALL send all relevant forms (summons, waiver of service packet, etc.) to Plaintiff's counsel, who shall complete and send them to DPS.

(3)  The Clerk SHALL serve a copy of this order on Plaintiff, the HCF Warden and Financial Office, Laurie Nadamoto, Esq., and Shelley Nobriga Harrington, Esq., Department of Public Safety Litigation Coordinators, and provide a copy of this order to the District of Hawaii's Financial Department.

       IT IS SO ORDERED.

       DATED:   Honolulu, Hawaiʻi, July 23, 2020.

Jill A. Otake
United States District Judge

Civil No. 20-00323 JAO-RT; *Kealoha v. Espinda, et al.*; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS